# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY W., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 9137 |
| v. ) | |
| ) | Magistrate Judge Finnegan |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Kimberly W. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and filed cross-motions for summary judgment. After careful review of the record, the Court finds that the case must be remanded for further proceedings.

## BACKGROUND

Plaintiff filed for DIB on March 25, 2014, alleging that she became disabled on June 1, 2013 due to back and knee pain, kidney stones, and celiac disease. (R. 167, 195). Born in 1965, Plaintiff was 49 years old at the time of the application. She graduated from high school and has held several jobs, including: toy store stocker/assistant (July 2003 to January 2009); insurance broker (March 2010 to January 2011); and popcorn store manager (March 2011 to December 2011). Plaintiff last worked as a baker from March 2012 until she quit on June 1, 2013 due to her impairments. (R. 46, 197). She has not engaged in any work activity since that time.

The Social Security Administration denied Plaintiff's application initially on August 6, 2014, and again upon reconsideration on March 24, 2015. (R. 71-90). She filed a timely request for a hearing and appeared before administrative law judge Matthew Johnson (the "ALJ") on August 16, 2016. (R. 28). The ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from vocational expert Sara Gibson (the "VE"). (R. 30-70). On November 10, 2016, the ALJ found that Plaintiff's osteoarthritis, degenerative disc disease of the lumbar spine, and plantar fasciitis of the right foot with pain and need for a boot are severe impairments, but that they do not meet or equal a listed impairment. (R. 17-18). After reviewing the record evidence, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform a restricted range of light work and is not disabled because there are a significant number of jobs in the national economy available to someone with her abilities, including packer, assembler, and sorter. (R. 18-23). The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

In support of her request for reversal or remand, Plaintiff argues that the ALJ: (1) made a flawed RFC assessment that failed to account for her need to elevate her legs and take frequent bathroom breaks; (2) improperly evaluated her statements regarding the limiting effects of her symptoms; (3) erred in weighing the opinion of her treating pain specialist, Gawtham Gutta, M.D.; and (4) relied on flawed VE testimony regarding the existence of available jobs. As discussed below, this Court finds that the case must be remanded for further consideration of Plaintiff's need for bathroom breaks.

## DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's final decision is authorized by section 405(g) of the Social Security Act. *See* 42 U.S.C. § 405(g). In reviewing this decision, the Court may not engage in its own analysis of whether Plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart,* 362 F.3d 995, 1001 (7th Cir. 2004) (internal citation omitted). Nor may it "displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (quoting *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The Court's task is to determine whether the ALJ's decision is supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Skinner*, 478 F.3d at 841).

In making this determination, the court must "look to whether the ALJ built an 'accurate and logical bridge' from the evidence to [his] conclusion that the claimant is not disabled." *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008)). Where the Commissioner's decision "'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).

### B. Five-Step Inquiry

To recover DIB under Title II of the Social Security Act, a claimant must establish that she is disabled within the meaning of the Act. *Keener v. Astrue*, No. 06-CV-0928-

MJR. 2008 WL 687132 at *1 (S.D. Ill. Mar. 10, 2008). A person is disabled if she is unable to perform "any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Crawford v. Astrue*, 633 F.Supp.2d 618, 630 (N.D. Ill. 2009). In determining whether a claimant suffers from a disability, the ALJ conducts a standard five-step inquiry: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. §§ 404.1520, 416.920; *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**C.   Analysis**

  **1.   RFC Determination**

Plaintiff argues that the case must be reversed or remanded because the ALJ's RFC determination is not supported by substantial evidence. A claimant's RFC is the most she can do despite the effects of her impairments. 20 C.F.R. § 404.1545(a)(1); *Alesia v. Astrue*, 789 F. Supp. 2d 921, 928 n.3 (N.D. Ill. 2011). The ALJ found Plaintiff capable of performing light work except that she needs to be able to stand for 10 minutes after 45 minutes of sitting, and sit for 10 minutes after 45 minutes of standing. She is also limited to: frequent climbing of ramps and stairs; occasional climbing of ladders, ropes, and scaffolds; frequent balancing; occasional stooping, kneeling, crouching, and crawling; and occasional exposure to a work environment involving unprotected heights, moving mechanical parts, and operation of a commercial motor vehicle. (R. 18).

4

Plaintiff objects that the RFC is flawed in part because it does not address her need to take frequent bathroom breaks. (Doc. 14, 9). The record shows that on July 1, 2013, Plaintiff presented to Advanced Urology Associates complaining of urinary frequency and urgency. (R. 370-71). She was diagnosed with interstitial cystitis ("IC"), also known as painful bladder syndrome, which is a "chronic condition causing bladder pressure, bladder pain and sometimes pelvic pain." ([https://www.mayclinic.org/diseases-conditions/interstitial-cystitis/symptoms-causes/syc-20354357](https://www.mayclinic.org/diseases-conditions/interstitial-cystitis/symptoms-causes/syc-20354357), last viewed 3/19/2019). Plaintiff started taking Hyophen but at an August 23, 2013 follow-up visit she reported that it did not provide any relief. The doctor gave Plaintiff samples of Uribel and Urogesic Blue to try instead. (R. 373, 374, 377).

On May 20, 2014, Plaintiff returned to Advanced Urology Associates because her IC was getting progressively worse, with increasing symptoms of urinary frequency and urgency. (R. 379). She had recently been diagnosed with celiac disease as well. The doctor instructed Plaintiff to begin home Heparin therapy (administered via self-catheterization) and consider DMSO (dimethyl sulfoxide) injections. (R. 381). Between November 26, 2014 and January 6, 2015, Plaintiff received a series of six DMSO injections for urinary frequency, dysuria (pain when urinating), nocturia (waking up at night to urinate), and bladder pressure, but experienced only minimal improvement in her symptoms. (R. 440-66). On February 14, 2015, she complained of intense burning with urination and a need to urinate every 2 minutes. (R. 471). The doctor again recommended home Heparin therapy. (R. 474).

At the August 16, 2016 administrative hearing, Plaintiff testified that she needs to use the bathroom every hour to hour and a half and wakes up every hour at night to

5

urinate. (R. 51). She occasionally has accidents if she is not near a restroom and feels pressure in her bladder all the time. (*Id.*). During an IC flare, which occurs every other month, Plaintiff feels the need to urinate every 10 seconds and uses the bathroom every 30 to 45 minutes. (R. 52-53). Flares can last anywhere from a couple of weeks to three months. (R. 53). With respect to the celiac disease, Plaintiff reported that her symptoms had improved with diet changes in the nine months prior to the hearing, but she still gets flares once a week to every two weeks. When that occurs, she sits in the bathroom for an hour and a half to two and a half hours. (R. 54). Back in 2014 and 2015, Plaintiff experienced celiac flares every day. (R. 55).

The ALJ devoted only two sentences in the decision to a discussion of Plaintiff's IC and celiac disease: "[C]laimant testified to extensive bathroom breaks, throughout the day and night due to [IC] and celiac disease. Although her records note frequency, the record does not document the extent of bathroom breaks testified." (Doc. 21). The problem with this cursory analysis is that the ALJ did not discuss or cite any of the medical evidence or explain which findings demonstrate that Plaintiff can work full-time without additional bathroom breaks. *See Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012) (an ALJ "may not ignore entire lines of . . . evidence."). Merely stating in conclusory fashion that the record does not support Plaintiff's testimony is insufficient to satisfy an ALJ's obligation to "build an accurate and logical bridge from the evidence to h[is] conclusion." *Spicher v. Berryhill*, 898 F.3d 754, 757 (7th Cir. 2018) (internal quotations omitted).

In addition, it was improper for the ALJ to discredit Plaintiff's testimony about the frequency of her flare-ups and bathroom usage *solely* based on a lack of objective evidence supporting it. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (emphasis

6

added). Rather, the ALJ should have considered other relevant factors such as Plaintiff's daily activities, the frequency and intensity of the relevant symptoms, the type and effectiveness of medication, non-medication treatment, and any other measures Plaintiff may have taken to relieve her symptoms. SSR 16-3p, at *7. The ALJ's failure to mention or analyze any of these factors renders the credibility determination patently wrong. *Ray v. Berryhill*, 915 F.3d 486, 490 (7th Cir. 2019).

Viewing the record as a whole, the ALJ failed to build an accurate and logical bridge between the evidence and her conclusion that Plaintiff does not need additional bathroom breaks due to IC and celiac disease. The case must be remanded for further consideration of this issue. The ALJ may once again find that Plaintiff has the ability to work with only regularly scheduled bathroom breaks, but he must explain his decision with reference to all relevant evidence of record, including a proper evaluation of Plaintiff's subjective statements regarding her symptoms.

### 2. Remaining Arguments

The Court does not find any specific error with respect to Plaintiff's remaining arguments. That said, the Court is troubled by the ALJ's failure to assign any particular weight to Dr. Gutta's treating opinion, or to clearly address the regulatory factors listed in 20 C.F.R. § 404.1527(c). *See Lambert v. Berryhill*, 896 F.3d 768, 775-76 (7th Cir. 2018). The ALJ should take the opportunity on remand to remedy these issues, reassess all of the medical and testimonial evidence of record, and obtain updated VE testimony as appropriate.

7

**CONCLUSION**

For reasons stated above, Plaintiff's Motion for Summary Judgment [13] is granted, and Defendant's Motion for Summary Judgment [21] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

ENTER:

Dated: March 25, 2019

_____
SHEILA FINNEGAN
United States Magistrate Judge